*Foot, J.
 

 The authority given by the order of the vice-chancellor of the sixth circuit to
 
 *288
 
 Miller, the guardian, to release, discharge and cancel the bond and mortgage given by James Swarthout, for the benefit of his children, was conditional. The guardian had no right to discharge that mortgage, until he had received from James Swarthout a bond and mortgage upon unincumbered real estate, of sufficient value to be ample security for the money belonging to his children. The condition was not performed; yet the guardian discharged the mortgage of record, and the question is, whether the appellants, who are assignees of a subsequent bond and mortgage, taken without actual notice, and for a valuable consideration, are chargeable with constructive notice of want of authority in the guardian to discharge the prior mortgage.
 

 The views of the supreme court on this question, as expressed at the special term by Mr. Justice Hoyt* and at the general term by Mr. Justice 'Welles, appear to me, in the main, to be sound. As the mortgage was discharged by a ^person other than the mortgagee, the subsequent incumbrancer was bound to in quire by what authority such person assumed to discharge it. Such inquiry, in this case, prosecuted with ordinary diligence, would have shown that the discharge was unauthorized; and of the facts which such an inquiry would have ascertained, the law charges the party who is bound to make the inquiry, with knowledge.
 

 Decree affirmed.