CASE No. 1027.

### WILLIAMS & CO. v. PAYSINGER.

1. Land was mortgaged by A to B for the purchase money, B assigned his notes and mortgage to C, and C assigned to D. This mortgage was duly recorded, but not the assignments. Afterwards, A not knowing of the assignment to D gave new notes of same amounts, and payable at same time and new mortgage to C, in satisfaction of the original notes and mortgage, which were not surrendered, C saying they were at his home. Failing to pay the first note to C at maturity, A gave up possession of the land to C, and C afterwards mortgaged it to other parties. The land having sold for enough to pay the first mortgage only—*Held*, that D was entitled to the entire proceeds of sale.
2. An assignment of a mortgage is not required by law to be recorded.

---

Before WALLACE, J., Newberry, May, 1880.

Action by George W. Williams & Co. against Thomas M. Paysinger, David H. Wheeler, David B. Werts and James M. Sanders. The case is fully stated in the opinion. The facts appear only in the report of the referee. He reports that at the time the new notes and mortgage were given by Sanders to Paysinger, these securities were intended to satisfy the old mortgage, and that the clerk of the court was requested to mark the former mortgaged satisfied; but it nowhere appears in the brief whether such entry of satisfaction was ever made.

*Mr. T. S. Moorman,* for appellant.

*Mr. L. J. Jones,* contra.

April 18th, 1881.   The opinion of the court was delivered by

McGOWAN, A. J.   This action was commenced against Thomas M. Paysinger alone for the purpose of foreclosing a mortgage of a tract of land known as the "Santee Place." Before sale, D. H. Wheeler and D. B. Werts, who claimed to hold other mortgages on the same tract of land, were made parties. It appears that one Stephens sold the land to James H. Sanders for $1550, November 22d, 1869, and took from Sanders three notes and a mortgage to secure the purchase money.   The mortgage was recorded January 19th, 1870.   Stephens assigned the notes and mortgage to Paysinger, and he assigned them to defendant Wheeler January 20th, 1870, as collateral security for a debt due by Paysinger to Wheeler.   The mortgagor, Sanders, wished to cultivate the place in the year 1870, and, to enable him to do so, Paysinger stood as his surety for supplies, and, on February 3d, 1870, in consideration thereof, Sanders executed *new notes and mortgage* to Paysinger, the notes being for the same sums and payable at the same times as the originals assigned to Wheeler, which were not taken up, (Paysinger stating that they were at his house, which seemed to satisfy Sanders,) but they were to have the original mortgage satisfied.

This second mortgage was recorded February 15th, 1870. Sanders failed to make the first payment on these new notes, and in satisfaction of the debt delivered to Paysinger the title deed for the land which he had received from Stephens and also surrendered to him possession, but did not make a deed to Paysinger.   There is no evidence that Sanders had notice of the assignment of the first mortgage to Wheeler.   Having taken possession, Paysinger, March 22d, 1871, mortgaged the land to D. B. Werts, and, June 23d, 1871, executed another mortgage to George W. Williams & Co., and it was under this last mortgage that these proceedings were instituted and the land sold as stated.

The issues were referred to Thomas M. Lake, as special

referee, who held that the second notes and mortgage given by Sanders to Paysinger did not operate as a satisfaction of the first notes and mortgage assigned to Wheeler, and that Paysinger did not have such title in the land as to enable 'him to give a legal mortgage to Werts or George W. Williams & Co., to the detriment of the claim of Wheeler, who was entitled to the proceeds of sale on the mortgage assigned to him.

Judge Wallace confirmed the referee's report, and Sanders and Werts appeal to this court on the following exceptions:

" Because the presiding judge erred—

" 1. In overruling the exceptions of these defendants to the report of the referee herein and confirming said report.

" 2. In deciding ' that the proceeds of the sale of the tract of land covered by D. H. Wheeler's mortgage be paid over to him,' when it appeared that Sanders had made satisfaction to Paysinger of said mortgage without notice of its assignment to Wheeler, and that Werts, knowing of such satisfaction, accepted from Paysinger a mortgage of this land.

" 3. In refusing to order, as a part of his decree, that the said mortgage and the notes thereby secured be canceled and delivered up to Sanders, while, as the presiding judge held, Sanders was fully discharged from them when, for the express purpose of paying them, he surrendered to Paysinger, without notice from Wheeler, the land, with possession."

When Paysinger, for valuable consideration, assigned to Wheeler the first notes and mortgage of Sanders, he transferred the title and placed it beyond his control. He could not, afterwards, receive payment on the notes or enter satisfaction on the mortgage. " An entry of satisfaction by a mortgagee after he has parted with his interest in the security, will not discharge the mortgage in favor of one who has acquired an interest in the land before the discharge was made." 2 *Jones on Mort.* 957 ; *Hill. on Mort.* 517 ; *Muller* v. *Wadlington,* 5 *S. C.* 346 ; *Lynch* v. *Hancock,* 14 *S. C.* 66.

But it is said that Sanders had no notice of the assignment to Wheeler; that at least he is an innocent party who had the right to deal with Paysinger as the owner of the first mortgage, and he must be protected. If it is meant by this that in order to protect

the rights of Sanders the second notes and mortgage must stand as against Wheeler, it is difficult to understand how this transaction can be good as to Sanders while it is bad as to Paysinger. Notice to the mortgagor of the assignment is not necessary to its validity. There is no law requiring the assignment of a mortgage to be recorded, and if it had been put on record it would not have amounted to constructive notice. "The doctrine of constructive notice by recording, is not to be extended to all papers which are, in fact, recorded, but only to those which are authorized or required to be recorded." 1 *Story's Eq. Jur.* 404; *Harper* v. *Barsh*, 10 *Rich. Eq.* 149. Besides, if it had been necessary to record this assignment, the time for recording had not expired when the new notes and mortgage were executed—only fourteen days after the assignment was made.

Although there is no proof that Sanders had actual notice, we do not consider him as without fault in the matter. The circumstances were enough to put him on the inquiry. The first mortgage had been given by Sanders to Stephens, who had assigned to Paysinger, and he to Wheeler. Neither the notes nor the mortgage were before the parties at the time of the execution of the new notes and mortgage. * * * Sanders knew that it was an unusual proceeding to replace old notes secured by mortgage by others for precisely the same amounts, and another mortgage by the same party on the same tract of land, and that should have suggested inquiry as to the purpose. As was said in the case of *Lynch* v. *Hancock, supra:* "Common prudence would have suggested the propriety of an inquiry as to whether all the bonds had been paid or the lien to secure their payment properly released."

Sanders executed the new notes and mortgage in the place of the old ones, without taking up the latter, or, indeed, seeing them. The referee states that Paysinger said "they were at his house, which seemed to satisfy Sanders." It seems to us he was too easily satisfied. "On making a payment upon a mortgage, the debtor should always require the production of the note or bond secured by it, otherwise it may turn out that this evidence of the debt has been assigned." 2 *Jones on Mort.*, § 956. "Where a recorded mortgage is discharged by a person other than the

mortgagee, the person paying the money, and all subsequent purchasers as well, are bound to inquire *what authority he had to discharge it*, and are chargeable with the notice of such facts as, by proper inquiry, might have been ascertained." 2 *Jones on Mort.*, § 959 ; *Sworthout* v. *Curtis*, 5 *N. Y.* 301. Paysinger was not the mortgagee. There was enough to put Sanders on the inquiry, and he must be held to have had notice of everything that due diligence would have discovered. But if he had no notice, actual or constructive, as he paid nothing, we do not see how he can be injured by the order directing the proceeds of the tract of land to be paid towards satisfaction of the original notes given for the purchase money. It seems to be conceded that this is all that will be realized.

The second notes and mortgage of Sanders, given for the purpose of discharging the original notes and mortgage after they were assigned to Wheeler and without his knowledge, are without consideration and void ; and the original notes and mortgage assigned to Wheeler being unaffected thereby and the oldest lien, must be first paid out of the proceeds of the sale of the land.

It appears that it will require the whole net proceeds of sale to satisfy the mortgage assigned to Wheeler. It will, therefore, be unnecessary to consider whether Paysinger had such title as to enable him to execute good and legal mortgages to Werts and George W. Williams & Co.

The judgment below is affirmed and the appeal dismissed.

SIMPSON, C. J., and McIVER, A. J., concurred.