8835

CAROLINA NATIONAL BANK OF COLUMBIA v. CITY OF GREENVILLE.

(81 S. E. 634.)

MUNICIPAL CORPORATIONS. CONTRACTS. ASSIGNMENT OF CHOSE IN ACTION. RECORDING.

1. Assignment of a chose in action is not within the recording acts, and is valid though not recorded.

2. A contract for street paving, which stipulates that the contractor guarantees that for five years from the time of final payment he will keep the work in good repair and replace any defective material, does not permit the city, protected by a bond conditioned on the contractor performing the contract, to retain any part of the price to perfect the pavement and keep it in repair for five years from its completion.

3. Where an assignment authorized the assignee to apply funds in a specified manner, the trustee in bankruptcy of the assignor could not complain because the assignee so applied the funds.

4. Where there was no contest as to the existence of a fact, error, if any, in admitting secondary evidence to prove the fact, was not prejudicial.

Before SHIPP, J., Greenville, April, 1913.    Affirmed.

Action by the Carolina National Bank of Columbia, S. C., against the city of Greenville and others.    From a judgment for plaintiff, certain of the defendants appeal.    Affirmed.

The following is the complaint of the plaintiff:

"(1)  That the plaintiff is a corporation created under the National Banking Act, its principal place of business being in Columbia, S. C.

"(2)  That the city of Greenville, S. C., is a municipal corporation, created under the laws of said State, and that W. E. Beattie, W. C. Gibson, and W. C. Cleveland constitute the paving commission of said city of Greenville under an act of the legislature and ordinances of the city council, and as such were vested with the power of making contracts for the paving of said streets, and had control over the execution of said contracts and for the payments to be made for paving and for public work.

"(3)  That on or about the 9th of August, 1910, Wm. F. Bowe and T. C. Page, partners trading under the firm name of Bowe & Page, entered into a contract with the said city of Greenville, whereby the said Bowe & Page were to provide materials and lay and construct paving and storm sewers and curbing on certain streets in said city for an amount specified in said agreement.

"(4)  That while engaged in the performance of said contract, the said Bowe & Page applied to plaintiff for several large loans to be used in the furtherance of said contract, and the plaintiff agreed to make certain advances of money

on condition that the said Bowe & Page would secure the plaintiff for all such advances by the assignment of all sums to become due to the said Bowe & Page, and the said Bowe & Page did, in pursuance of said agreement, execute unto the plaintiff the assignment of all amounts to become due to them under said contract, said assignment being dated September 2, 1910, a copy of which is hereby attached marked 'Exhibit A,' to which reference is craved as part of this complaint.

"(5) That the city of Greenville and paving commission were duly notified of said assignment and a copy of same was filed with the city of Greenville. That under said assignment the plaintiff advanced to the said Bowe & Page considerable sums of money, taking therefor the notes of the said Bowe & Page, and which were renewed from time to time, and which are now represented by two notes, as follows: One dated July 20, 1911, payable 30 days after date, and promising to pay the sum of $10,000, with interest after maturity at the rate of 8 per cent. to be paid annually, and agreeing to pay all costs of collection, and 10 per cent. as attorney's fees if not paid at maturity, said note stipulating on its face that it was secured by the assignment of the said contract of the city of Greenville, and the other note being dated August 2, 1911, payable 60 days after date, and promising to pay the plaintiff the sum of $500, with interest after maturity at the rate of 8 per cent. per annum, and the costs of collection, including 10 per cent. as attorney's fees if not paid. Said note stipulated on its face that it was secured by the assignment of said contract of the city of Greenville. That as further security for the moneys advanced, the said Rowe & Page, on May 30, 1911, made a further assignment in writing unto the plaintiff of said contract of which due notice was given to the city of Greenville, and the paving commission.

"(6) That there is now due to the plaintiff by the said Bowe & Page for moneys advanced by the plaintiff to the

21—97

said Bowe & Page, under the terms of said assignments, the following sums, to wit: $10,000 with the interest thereon from August 20, 1911, at the rate of 8 per cent. per annum, together with 10 per cent. as attorney's fees, and the further sum of $500, with interest thereon from October 2, 1911, at the rate of 8 per cent. per annum, together with 10 per cent, as attorney's fees, said sums being represented by the notes as aforesaid, and the sum of $126.45 overdraft, with interest from July 22, 1911, and the sum of $56.72 overdraft, with interest from August 17, 1911.

"(7) That said notes were placed in the hands of plaintiff's attorneys for collection, long prior to the bankruptcy proceedings against Bowe & Page, hereinafter referred to.

"(8) That some time during August, 1911, the city council of Greenville, S. C., and the paving commission, by some arrangement had between them and the said Bowe & Page, took over the said contract and undertook to complete the same, and the plaintiff is informed and believes that the said city council and the paving commission have completed the said contract, and there is a large sum of money due by the city of Greenville on account of said contract. That the plaintiff has demanded payment of its indebtedness against the said Bowe & Page under the terms of the assignments held by the plaintiff, as aforesaid, but the city of Greenville and the paving commission have declined to make payment thereof.

"(9) That some time in the fall of 1911, the said Bowe & Page were adjudged bankrupts in the District Court of the United States for the District of South Carolina, and W. C. Cothran, W. H. Grimball, and Chas. Pearlstine were duly appointed trustees of the bankrupt estate, and plaintiff is informed and believes that said trustees claim some interest in the amounts due by the said city of Greenville under said contract of Bowe & Page, and they are made parties to this proceeding in order that they may set up their claim.

"(10) That the plaintiff has endeavored to secure a full accounting at the hands of the city of Greenville for all moneys due under said contract, but that the officers of said city of Greenville claim that they have not yet made up an account, and cannot give a definite statement of all matters involved in the adjustment of the amounts due to the plaintiff.

"Wherefore, the plaintiff prays: First, that the said city of Greenville and the said paving commission do fully account for all their acts and doings with reference to the contract with the said Bowe & Page, and that the amount due by the said city of Greenville under said contract be ascertained; second, that out of the moneys which are in the hands of the city of Greenville, or ought to be in the hands of the said city of Greenville, there be paid the amount due on the said two notes to the plaintiff, together with interest at 8 per cent. and 10 per cent. as attorney's fees, and the amount of said overdrafts with interest; third, for the costs of this action and for such other relief as may be just."

*Exhibit A.*

"State of South Carolina. County of Richland. Whereas, W. F. Bowe and T. C. Page, partners, trading and doing business under the firm name of Bowe & Page, have entered into a contract with the city of Greenville, in the State of South Carolina, to do and perform certain paving in the said city, as set forth in a contract executed by and between the said city of Greenville, and the said Bowe & Page, of date the 9th day of August, 1910, and specifications thereto attached; and whereas, the said Bowe & Page have borrowed from the Carolina National Bank, the sum of five thousand dollars ($5,000.00) to be used in the execution of the said contract, as evidenced by the note of the said Bowe & Page, of $5,000, dated September 2, 1910, payable November the tenth after date, to the order of the said

Bowe & Page, and by the said Bowe & Page indorsed to the Carolina National Bank: Now, in order to secure the payment of the said note as the same shall become due and payable, and any and all renewals thereof, or any further amounts which may be borrowed by the said Bowe & Page from the said the Carolina National Bank in the execution of the said contract, which said sum so borrowed shall be expressed in their note or notes to be hereafter executed, we, the said Bowe & Page, do hereby assign, transfer and set over to the said Carolina National Bank of Columbia, all sum or sums of money which shall become due and payable to the said Bowe & Page under the said contract; and we, the said Bowe & Page, do hereby authorize and direct the said city of Greenville to make all vouchers for the payment of work done under the said contract, payable to the order of the said Carolina National Bank as the work progresses, and whenever, from time to time, payment shall become due and payable under the said contract. And the said Bowe & Page agree further that a copy of this assignment shall be filed with W. E. Beattie, chairman of the paving committee, of the city of Greenville, which contract when so filed shall be full authority for the city of Greenville to make payments as hereinabove stated. In witness whereof, we, the said Bowe & Page, have hereto set our hands and seals this second day of September, nineteen hundred and ten. Bowe & Page. (L. S.)"

The contract provided as follows:

"The bidder in making his proposal on this work guarantees that for a period of five (5) years from the time of the final payment he will keep all work done under this contract in good order and repair, and replace any defective material, and repair any depression (except only such parts of the work as may be disturbed after the final estimate for laying or repairing sewers, water mains, house connections, service pipes or other work ordered by the city), and he will proceed at once to make the repairs when so directed by the

city, and that at the end of said guaranty period he will leave the street in good condition and free from any defects that will any way impair its usefulness or durability as a roadway.

"In case of failure on his part to make such repairs within thirty days of such notice (it being understood that such notice shall be given by mail to the address given by the contractor), then the city shall have the right to purchase such material and employ such persons as they may deem necessary, and complete said repairs as the agent of the contractor and charge the expense to him.

"The city will require a surety company bond for the faithful performance of this condition, and contractor shall furnish same before final payment is made."

*Messrs. Mordecai & Gadsden, Rutledge & Hagood, N. B. Barnwell* and *Wm. G. Sirrine,* for appellants, cite: *Recording act:* 1 Code of Laws, secs. 3542, 2655; 121 Fed. 582; 164 Fed. 300; 174 Fed. 654 (C. C. A.); 22 S. C. 139; 87 S. C. 116. *Checks written instruments:* Wigmore Ev. 1245 (c); 12 Rich. L. 518; 41 S. C. 177; 45 S. C. 569; 74 S. C. 218; 87 S. C. 81.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: *Check evidence of assignment of chose:* 21 Wall. 447; 119 Am. St. Rep. 629; 93 C. C. A. 122; 82 N. W. 922; 41 Pac. 849; 60 N. W. 886; 74 S. C. 210; 54 S. C. 364; 10 Rich. L. 271; 145 Fed. 966; 180 Fed. 235. *Intangible chose in action not within recording acts:* 10 Rich. L. 271; 47 N. W. 502. *Exception not based on record below:* 80 S. C. 460; 75 S. C. 25; 70 S. C. 466. *Construction of contract:* Elliott Contracts, sec. 1413; 97 C. C. A. 520; 37 Pac. 712; Dillon Munc. Corp. (5th ed.), sec. 831; Jones Liens, sec. 53; 37 N. J. Eq. 122; 38 N. J. Eq. 318.

April 29, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This record contains the following statement: "This action was instituted in the Court of Common Pleas for Greenville county, on the 10th day of February, 1912, for the purpose of ascertaining the amount due by the city of Greenville, under its contract with Bowe & Page, and requiring the city to pay over to the plaintiff from said balance, the amount due on two notes given to plaintiff by Bowe & Page, and an overdraft. On March 9, 1912, the attorneys for the plaintiff consenting, an order was signed by Judge R. W. Memminger, making W. C. Cothran, W. H. Grimball and Charles L. Pearlstine, as trustees of Bowe & Page Dray and Construction Company, bankrupt, parties defendant. The case was referred to the master. On November 20, 1912, the master filed his report, in which he recommended that the plaintiff have judgment against the defendant, the city of Greenville, for the sum of $12,899.76, that the defendant, W. C. Cothran, W. H. Grimball and Charles L. Pearlstine, as trustees, have judgment against the defendant, the city of Greenville, for the sum of $982.12, and that the defendant, the city of Greenville, be allowed to retain the remaining $500 for perfecting the paving constructed by Bowe & Page, or in keeping it in repair for five years from the date of its completion. Exceptions were taken to the report, and were heard by his Honor, Judge S. W. G. Shipp, at the April, 1913, term. The report was confirmed and judgment entered up in accordance therewith. Within 10 days, notice of appeal was duly given to the attorneys for plaintiff, by the defendants, W. C. Cothran, W. H. Grimball, and Charles Pearlstine, as trustees."

The facts upon which the plaintiff relies will more fully appear by reference to its complaint, which will be reported.

The defendants, city of Greenville and paving commission, by way of defense contended that Bowe & Page failed

to complete the paving of the streets in accordance with the terms of their contract, and that the said defendants should be allowed to retain a sufficient part of the sum in their hands to defray any costs and expenses they may be compelled to incur in compliance with the terms of said contract.

The appellants thus state the substance of their answer: "We, the trustees in bankruptcy of Bowe & Page Dray and Construction Company, and of Bowe & Page admit the formal parts of the complaint and the execution of the paving contract, and set up that under the bankruptcy act of the United States we are entitled to all money due by the city of Greenville under the paving contract.   We set up the bankruptcy act, and claim that the bankrupt corporation and firm were insolvent, at the time of the notes and overdrafts, and at the time of the execution of the agreement of May 30, 1911, and within four months of the filing of petition in bankruptcy, and that any and all transfers of property by them to Carolina National Bank, within said four months, would be and are preferential transfers, and must be set aside under the bankruptcy act."

The first proposition argued by the appellant's attorneys is that the assignment executed by Bowe & Page on the 2d of September, 1910, in favor of the plaintiff, was null and void, on the ground that it was not recorded.   Waiving the objection that this question is not properly before the Court for consideration, for the reason that it was not set up as a defense, the Court takes this opportunity to reaffirm the doctrine, already settled in this State, that the assignment of a chose in action, is not embraced within the provisions of the recording acts, as will appear by reference to the cases of *Williams & Co.* v. *Paysinger,* 15 S. C. 171; *Patterson* v. *Rabb,* 38 S. C. 138, 17 S. E. 463, 19 L. R. A. 831.   The case of *Williams & Co.* v. *Paysinger, supra,* was cited with approval in *Singleton* v. *Singleton,* 60 S. C., at page 235, 38 S. E. 462.

The next proposition for which the appellants contend is that they are entitled to the $500 which the master allowed the city of Greenville to retain, for the purpose of perfecting the pavement and keeping it in repair, for five years from the date of its completion. His Honor, the Circuit Judge, assigned the following reasons for confirming the master's report in this respect: "I am satisfied that the city of Greenville is fully protected for any present or future defects in the paving done by Bowe & Page, under the bond given to the city of Greenville to protect it against such defects. The city of Greenville, as it appears to me, never expected to get any other protection than the bond. The contract did not contemplate its withholding any portion of the money to be paid Bowe & Page, for five years after completion of the contract as an indemnity against defects in the paving. The master has allowed the city of Greenville to withhold the sum of $500 for any imperfections, and it seems to me that that is a very liberal allowance, in view of what I have just said." We do not draw the same conclusion as the Circuit Judge from the facts just stated. It would violate the terms of the contract to allow the city of Greenville to retain said amount for the purposes mentioned. We are more inclined to adopt this conclusion by reason of the fact that the city of Greenville is protected by the bond of the guaranty company, while the fund retained by the city of Greenville is the only source to which the appellant can resort for payment.

The next question argued by the appellant's attorney is that the plaintiff should have applied the deposits in its hand, to the overdue notes of Bowe & Page. The exception raising this question cannot be sustained, for the reason that the terms of the assignments authorized the plaintiff to apply the deposits in the manner which the appellants contend was erroneous.

The last question argued is whether there was error on the part of the Circuit Judge in ruling that the plaintiff could

prove the amount due without the production of the checks, on the ground that they were the best evidence as to the disposition of the deposits. It appears that there was no real contest as to the correctness of the amount claimed by the plaintiff. As it has not been made to appear that the ruling was prejudicial, it is not necessary to determine whether it was erroneous.

It is the judgment of this Court that the judgment of the Circuit Court be modified so as to conform to the conclusions herein announced.

MR. JUSTICE WATTS did not sit in this case.

Subsequent to the filing of the foregoing opinion, the agreement of counsel below set out was called to the attention of the Court, whereupon the Court, on May 7, 1914, made the following order:

PER CURIAM. On the 29th day of April, A. D. 1914, an opinion was filed by this Court in the above stated cause, holding that the defendant, city of Greenville, S. C., was not entitled to retain the sum of $500 for the purpose of perfecting the pavements laid in said city by Bowe & Page, and of keeping the same in repair for five years from the date of their completion. Since the filing of this opinion, it has been brought to the attention of this Court that under order of the Circuit Court, dated March 28, 1913, and consented to by all of the parties to said cause, the defendant, city of Greenville, on April 5, 1913, paid to the plaintiff, Carolina National Bank of Columbia, S. C., the sum of $13,238.38, being the full amount allowed to said bank by the master's report in said cause, dated November 20, 1912, with interest from the date of said report, which report was subsequently confirmed by the Circuit Court at the April, 1913, term.

All of the defendants gave notice of appeal from said decree. Subsequent to the giving of such notice, the fol-

lowing agreement was entered into (omitting caption) : "It is hereby mutually agreed by and among the parties to the above stated action: (1) That the defendant, city of Greenville, shall pay the Circuit Court costs of the Court officers and stenographer in said action, and the costs (if any) of the witnesses, G. Frank League, W. E. Beattie, and C. P. Ballenger; but shall not pay any fees, mileage, or expenses of the witnesses, W. A. Clark or W. F. Bowe, or any portion of the costs of the appeal to the Supreme Court; (2) that the defendant, city of Greenville, shall pay to the defendant, W. C. Cothran, as trustee of Bowe & Page, bankrupts, the sum of $573.50, and shall thereupon be discharged from further liability of any kind to any of said parties; (3) that the defendant, city of Greenville, shall not be required to account for the remainder of the funds in its hands to the credit of Bowe & Page, but may expend the same in any manner it may desire.   Witness our hands this June 11th, 1913.   Haynesworth & Haynesworth, Attys. for Carolina Natl. Bank.   Wm. G. Sirrine, of counsel for W. C. Cothran et al., as trustee.   L. O. Patterson, Atty. for city of Greenville and others." · On June 14, 1913, the city of Greenville accordingly paid to the defendant, W. C. Cothran, as trustee of Bowe & Page, bankrupts, the said sum of $573.50.   Under the terms of the agreement set forth, which was intended by all parties as a final disposition of the cause, so far as it concerned the city of Greenville, said city, by such payment, was discharged from further liability of any kind to any of the parties to said cause, except the payment of such costs as were specified in said agreement. Accordingly said city took no steps to perfect its appeal from said decree.   Through oversight, the foregoing agreement was not brought to the attention of this Court prior to the filing of said opinion.

It is evident, therefore, that an injustice would be done to the city if it should now be compelled to refund said sum of $500, or any other sum.   The opinion heretofore ren-

dered by this Court is hereby modified by declaring that the city of Greenville shall not be required to make further payments of any kind on account of said cause, except for such costs as are specified in the agreement above recited.