9813

MACK MFG. CO. v. MASSACHUSETTS BONDING & INS. CO.
ET AL.

(93 S. E. 713.)

APPEAL AND ERROR—APPEALABLE ORDER.—An order allowing a new party defendant to be brought in to litigate the question whether the money recovered by such party in a prior suit against one of the defendants was not payable to a defendant not a party to that suit is not appealable; it affecting no substantial right of the new party.

Before GARY, J., Greenville, April term, 1916.   Appeal dismissed.

Action by the Mack Manufacturing Company against the Massachusetts Bonding & Insurance Company and others. From an order allowing the Carolina National Bank of Columbia to be brought in as a party, it appeals.

*Messrs. Washington Clark* and *J. C. Townsend,* for appellant, cite: *As to bringing in necessary parties:* Code Civ. Proc., sec. 167; Story's Eq. Pl., secs. 76(b), 76(c); 19 Wall. 573; Bliss Code Pl. ch. VIII; 1 Wait Pr. 112, 128, 162. *Subrogation:* 6 Rich. L. 278; 3 Brev. 194; 14 S. C. 91; 37 Cyc. 374; Brandt Suretyship, secs. 260, 261; Stearns Suretyship, sec. 262.

*Messrs. Cothran, Dean & Cothran,* for respondent, submit: *Only parties are bound by judgment:* 41 S. C. 408. *Bonding company subrogated to rights of material men and laborers:* 103 S. C. 66; 2 Dillon Munc. Corp. (5th ed.), sec. 831; 19 Wash. 589; 97 N. Y. 355; 90 N. E. 851; 53 L. R. A. 609; 59 S. W. 109; 114 Fed. 529; 164 U. S. 227; 4 Cyc. 17; 150 Fed. 465; 121 Fed. 652; 42 S. E. 857; 143 Fed. 810; 208 U. S. 404; 211 U. S. 552; 87 S. E. 1023; 91 S. E. 1050; 148 N. W. 55; 211 Fed. 161; 42 S. E. 857; 14 L. R. A. (N. S.) 155; 69 Ark. 43; 63 S. W. 68; 68 Ark. 71; 56 S. W. 532; 97 Md. 598; 99 Am. St. Rep. 466; 55

Atl. 395; 107 N. W. 649; 25 N. E. 262; 60 S. W. 423; Rich. Eq. Cas. 269. *When subrogation may be invoked:* 92 S. E. 58; 38 S. E. 374; 49 Minn. 38; L. R. A. 1916c, 1057; 92 Fed. 549; 28 L. R. A. (N. S.) 998; 150 Fed. 471; 71 Fed. 228; 164 U. S. 227; 182 S. W. 917; 213 Fed. 908; 148 N. W. 55. *Complete determination of controversy:* Code Civ. Proc., sec. 171; 71 S. C. 425; 77 S. C. 413; 2 Dismey (Ohio); 2 Wilson (Tex.), par. 216; 31 Cyc. 473; 120 S. W. 282 and 1048; 69 S. E. 341; 120 Pac. 572; 155 S. W. 686; 96 Pac. 166; 31 Pa. 816 and 818; 107 N. W. 649 and 652; 60 S. W. 423; 60 S. W. 425, 426; 71 S. W. 419.

October 2, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Appeal from an order of the Circuit Court, which allowed a new party defendant to be brought in. There are five person to the controversy: The Mack Manufacturing Company, hereinafter called the Mack Company; the Massachusetts Bonding & Insurance Company, hereinafter called the Bonding Company; the Carolina National Bank, hereinafter called the bank; the city of Greenville, hereinafter called the city, and Bowe and Page, hereinafter called the contractors.

The controversy arose out of a contract between the city and the contractors for the paving of the streets of the city. The Bonding Company were sureties for the contractor; the Mack Company supplied brick for the work; the bank advanced money to the contractors. The bank sued and recovered from the city for the money it had advanced, claiming as security an assignment by the contractors of the moneys to be paid them by the city. 97 S. C. 291, 81 S. E. 634. That cause is ended.

The Mack Company sued the Bonding Company on the surety bond for the brick it had furnished the city. That suit is pending, and it is the instant case. 103 S. C. 55, 87 S. E. 439. The motion to bring the bank into the case just cited is made by the Bonding Company; and upon the claim by the Bonding Company. that the money which the bank got was payable of right to the Bonding Company, and the presence of the bank is desired to litigate that question. All the Circuit Judge did was to allow the Bonding Company to fetch the bank in to try the question. The Mack Company made no objection, nor did the city; the bank alone objects. The two exceptions make the single question that the bank ought not to have been brought in.

We think the order is not appealable; it affects no substantial right of the bank. We express no opinion about the soundness of the Bonding Company's contention; that would be premature. All the Bonding Company asks, and all the Circuit Court granted, was a chance to try the question made. The Bonding Company was not party to the case between the bank, the city and the contractors, reported in 97 S. C. 291, 81 S. E. 634, though the trustees of the contractors were. It makes no difference that the Bonding Company claims an equity, that of subrogation, for both issues of law and of equity may be tried in the same case.

The apeal is dismissed.

MR. JUSTICE WATTS did not participate in the consideration of this case.