## 10310

### FARMERS & MERCHANTS NAT. BANK OF LAKE CITY v. BANK OF HEMINGWAY.

(101 S. E. 746.)

1. CHATTEL MORTGAGES—NEGOTIABLE INSTRUMENTS LAW APPLIES IN ACTION BY ASSIGNEE OF NOTE FOR CONVERSION.—Negotiable Instruments Law determines the right of plaintiff in an action by an assignee of a note secured by a chattel mortgage against a junior mortgagee for damages arising from conversion of the mortgaged property.

2. CHATTEL MORTGAGES—ERRONEOUS STATEMENT OF CLAIM DID NOT ESTOP ASSIGNEE OF MORTGAGE FROM CLAIMING DAMAGES FOR CONVERSION.—Mistake of an assignee of a chattel mortgage in stating the amount of its claim to a junior mortgagee when notifying such junior mortgagee that it was the owner of a prior unsatisfied chattel mortgage did not estop it from claiming damages suffered by it in consequence of a subsequent conversion of the property by the junior mortgagee.

3.. Where, after assignment of note and mortgage on mule, the original mortgagee, without the assignee's knowledge, took up the mule and sold it to one who gave another mortgage thereon, which mortgage was sold to a bank, the original mortgage remaining unsatisfied of record, the bank was liable in conversion to the assignee of the first note and mortgage, where it sold the mule under the second mortgage after being notified by the assignee of its rights, in view of Negotiable Instruments Law, sec. 119, subd. 4.

4. CHATTEL MORTGAGES—MERE DELAY INSUFFICIENT TO BAR ACTION FOR CONVERSION BY ASSIGNEE OF MORTGAGE AGAINST JUNIOR MORTGAGEE.— Where an assignee of a chattel mortgage notified a junior mortgagee of its rights, mere delay on the part of the assignee to enforce its rights under its mortgage did not estop it from maintaining an action against the junior mortgagee, who took up and sold the property under its mortgage.

Before Townsend, J., Williamsburg, Spring term, 1919. Affirmed.

Action by the Farmers & Merchants National Bank of Lake City, S. C., against the Bank of Hemingway. Judgment for plaintiff, and defendant appeals.

The agreed statement of facts, order of the trial Judge, and appellant's exceptions, referred to in the opinion were as follows:

The facts of this case are not disputed. They are as follows:

On the 10th day of March, 1916, George Brown, Sr., made and delivered to S. R. Cockfield his promissory note, payable on the 1st day of October, 1916, for $130. This note was secured by a chattel mortgage of even date, covering, among other things, "one black horse mule about six years old and known as the Huggins mule." The chattel mortgage was recorded in the office of the clerk of Court for Williamsburg county on the 14th day of March, 1916, in volume XVI, at page 296. Soon after its execution the note was assigned as collateral security by S. R. Cockfield to the plaintiff, who did not notify the maker that the note and mortgage had been assigned to it. Shortly before Christmas, 1916, two or three months after maturity, the

mortgagee, S. R. Cockfield, took this mule in from the widow of the mortgagor.   No notice was given to the mortgagor or his widow that the mortgage had been assigned.   A few days after S. R. Cockfield, the mortgagee, took the mule in he sold it to W. D. Eaddy, who gave him a chattel mortgage over the mule.   At that time W. D. Eaddy had no actual knowledge of the existence or transfer of the Brown mortgage.   S. R. Cockfield assigned to the defendant, Bank of Hemingway, the Eaddy chattel mortgage for valuable consideration before maturity.   The defendant took the Eaddy mortgage without any notice or knowledge of the assignment of the Brown mortgage to the plaintiff.   Mr. W. D. Eaddy, the last mortgagor, surrendered the mule to the Bank of Hemingway, who had it advertised and sold according to law under the chattel mortgage assigned to it.   Shortly before the sale of the mule by the defendant, it was notified by the plaintiff that the plaintiff held the other chattel mortgage over the Huggins mule, and that there was $30 due on the chattel mortgage.   The assignment to the plaintiff was not recorded.   During all that time the said mortgage from George H. Brown to S. R. Cockfield was and still is open and unsatified of record.   The admitted value of the mule is $135.

Omitting the caption, the following is a copy of the order for judgment by Judge Townsend:

"This is an action by the assignee of a chattel mortgage against a junior mortgagee for damages arising from a conversion of the mortgaged property. *Bingham v. Harby,* 91 S. C. 121, 74 S. E. 369, Ann. Cas. 1916a, 862.

1, 2   That it is not for the recovery of the amount due on the negotiable note secured by the mortgage (*Dearman v. Trimmier,* 26 S. C. 506, 2 S. E. 50; *Elders v. Feutrel,* 110 S. C. 307, 96 S. E. 541) does not prevent the application of the Negotiable Instruments Law in determining plaintiff's right; but I think subdivision 4, sec. 119, of that law (28 St. at Large, p. 686), does not permit the original payee to

discharge by his act the obligation after he has transferred his interests therein to an innocent indorsee for value in due course before maturity. Nor do I think the mistake of plaintiff in stating the amount of its claim estops it from now claiming the damages suffered by it in consequence of the subsequent conversion of the property by the defendant.

"This is a hard case, but is controlled by the decisions in *Talbert v. Talbert,* 97 S. C. 145, 146, 81 S. E. 644, and *Grafton v. Patrick,* 77 S. C. 420, 58 S. E. 1, 122 Am. St. Rep. 586. Plaintiff is the indorsee and holder in due course for value before maturity of a negotiable note for $130, secured by a first mortgage given by George Brown to S. R. Cockfield on a certain mule, which mortgage was duly recorded in the proper office. Defendant is a purchaser for value of the same mule from S. R. Cockfield, to whom, as mortgagee, three months after maturity of the note and mortgage, the mule had been returned by the representative of Brown, the mortgagor, and had no actual notice of the transfer or existence of the mortgage when he purchased. Had defendant then examined the public records with reference to this mule, he would have learned therefrom not only that the mule had been turned over by Brown, as mortgagor, to Cockfield, as mortgagee, under the mortgage on record then past due, but also that the note secured by the mortgage and recorded with it was negotiable, and that the mortgage was unsatisfied on the record. This would have put defendant on inquiry as to whether or not the note and mortgage were still outstanding. *Talbert v. Talbert,* 97 S. C. 146, 81 S. E. 644. The indorsement and delivery of the note, with mortgage attached, to plaintiff before its maturity carried with it the mortgage lien upon the mule (*Carpenter v. Logan,* 16 Wall. 271, 21 L. Ed. 313), and it was not thereafter in the power of Cockfield, as mortgagee, by his act to destroy plaintiff's rights under the mortgage (*Talbert v. Talbert,* 97 S. C. 145, 146, 81 S. E. 644; *National Live Stock Bank v. First National Bank,*

203 U. S. 306, 27 Sup. Ct. 79, 51 L. Ed. 192). It has not been made to appear in this case that plaintiff knew that Brown had turned over the mule to Cockfield, or that Cockfield held possession of the mule, or was undertaking to dispose of it. The mere delay on part of plaintiff to enforce its rights under its mortgage does not now estop it from enforcing them or maintaining this action. *Grafton v. Patrick,* 77 S. C. 420, 58 S. E. 1, 122 Am. St. Rep. 586. The admitted value of the mule is $135.

"It is, therefore, ordered and adjudged that the plaintiff have judgment against the defendant for the sum of $135."

Upon this order judgment was entered in favor of the plaintiff against the defendant. Within due time thereafter the defendant served its notice of intention to appeal, on the following exceptions:

(1) Because his Honor, the presiding Judge, erred in holding that the fact that this is an action by the assignee of a chattel mortgage against a junior mortgagee for damages arising from a conversion of the mortgaged property, and not an action for the recovery of the amount due on the negotiable note secured by the mortgage, does not prevent the application of the Negotiable Instruments Law in determining plaintiff's rights; it being respectfully submitted that, the foundation of plaintiff's right of action being upon its claim of ownership to the property resulting from the breach of the condition of the chattel mortgage, the mortgage is the governing factor as between it and the negotiable note it was given to secure, and, therefore, the Negotiable Instruments Law cannot govern in determining the relative rights of the plaintiff and the defendant in this case.

(2) Because his Honor, the presiding Judge, erred in holding that subdivision 4, sec. 119, of the Negotiable Instruments Law (28 St. at Large, p. 686), does not permit the original payee to discharge by his act the obligation after he has transferred his interest therein to an innocent indorsee for value in due course before maturity; it being respect-

fully submitted that under and by the terms of said section of the Negotiable Instruments Law an innocent indorsee for value in due course before maturity of a negotiable instrument, in order to preserve and protect his rights as such, is required, before maturity, to give to the maker of the instrument notice of the indorsement or assignment; otherwise the payment to the original payee after maturity without notice of assignment will operate as a discharge of such negotiable instrument.

(3) Because his Honor, the presiding Judge, erred in holding that the mistake of plaintiff in stating the amount of its claim does not estop it from claiming the full amount of the damages it is alleged to have suffered in consequence of the subsequent conversion of the property by the defendant; it being respectfully submitted that, under the facts in this case, if the plaintiff is entitled to anything, its claim should be confined to the sum of $30, the amount the defendant was notified that the plaintiff claimed upon its mortgage.

(4) Because his Honor, the presiding Judge, erred, it is respectfully submitted, in not holding that W. D. Eaddy and the defendant were innocent purchasers for value without notice, and, therefore, the defendant's title to the mule in dispute is superior to that of the plaintiff.

(5) Because his Honor, the presiding Judge, erred in holding that record of the Brown chattel mortgage unsatisfied was sufficient to put the defendant on inquiry as to whether or not the mortgage was still outstanding; it being respectfully submitted that the record showed S. R. Cockfield as the mortgagee and Mr. W. D. Eaddy, under whom the defendant claims, had actual notice that the mule had been turned over to the mortgagee by the mortgagor, which was equivalent to a satisfaction of an unassigned mortgage.

(6) Because his Honor, the presiding Judge, erred in concluding that the conduct of the plaintiff was "mere delay;" it being respectfully submitted that, in addition to the delay to enforce its rights under the mortgage, the

plaintiff neglected to give to the mortgagor such notice of the assignment of the note and mortgage as was required by the exercise of reasonable diligence, prudence, and good faith.

*Messrs. Kelly & Hinds,* for appellant, submit: *It is an admitted fact that the mortgagor, without any notice of the assignment of the mortgage, turned over and delivered to the mortgagee the mortgaged property.    If this case is not controlled by the Negotiable Instruments Law, then those facts operated as a satisfaction of the mortgage and plaintiff has no right to maintain this action:* 27 Cyc. 1315; 56 S. C. 316; 28 S. C. 217; 26 S. C. 506; 110 S. C. 307.    *An innocent endorsee for value in due course before maturity of a negotiable instrument, in order to preserve and protect his rights as such, is required before maturity to give the maker of the instrument notice of the endorsement or assignment, otherwise the payment to the original payee after maturity without notice of assignment will operate as a discharge of such negotiable instrument:* Negotiable Instruments Law, 28 Stats. 686, subdivision 4, section 119.

*Messrs. Arrowsmith, Muldrow, Bridges & Hicks,* for respondent.

December 22, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This case was heard upon an agreed statement of facts, which, together with the order of his Honor, the Circuit Judge, and the appellant's exceptions, will be reported.

We desire to add but a single authority to those cited by the Circuit Judge.    *Bank v. City of Greenville,* 97 S. C. 291, 81 S. E. 634, which decides that it is not necessary to record the assignment of a mortgage.

For the reasons stated in said order it is affirmed.