21026

EDGEFIELD COUNTY HOSPITAL TRUSTEES, Plaintiffs, v. CANNON CONSTRUCTION AND SUPPLY COMPANY, INC., Respondents, and Lafaye, Lafaye and Associates, Pound Roofing Company, Inc. and Bird and Son, Inc., Defendants. Appeal of BIRD AND SON, INC.

(257 S. E. (2d) 501)

*R. W. Dibble, Jr.*, of *McNair, Glenn, Konduros, Corley, Singletary, Porter &. Dibble,* Columbia, and *Eugene C. Griffith,* of *Blease, Griffith, Mays, McLellan & Stone,* Newberry, *for appellant.*

*Joseph W. Hudgens,* of *Pope & Schumpert,* Newberry, and *Douglas McKay, Jr.,* of *McKay, Sherrill, Walker & Townsend,* Columbia, *for respondents.*

August 8, 1979.

*Per Curiam:*

At the commencement of this action, the plaintiffs, Edgefield County Hospital Trustees, made Cannon Construction

and Supply Company, Inc. the sole defendant. Thereafter, the circuit judge, with the consent of both the plaintiffs and the sole defendant, made Lafaye, Lafaye and Associates, Pound Roofing Company, Inc., and Bird and Son, Inc. parties-defendant, so as to allow the defendant Cannon to interpose a cross-action. Bird and Son, Inc. has appealed, submitting that the judge erred in adding it as a party-defendant without notice and opportunity to be heard.

Two basic determinations by this court are dispositive of all issues. First, is the order appealable? and, if appealable, secondly, did the trial judge err? Both issues are decided adversely to the appellant. Traditionally, under our procedures, parties have been added without notice and opportunity to be heard. There is no statutory law requiring notice. The selection of parties-defendant is basically a matter for determination by the claimant, and counsel for a claimant need not notify one in advance that he will be sued.

While we think that the order was not appealable, inasmuch as the matter is before us, we additionally rule that the lower court did not err. *Mack Mfg. Co. v. Massachusetts Bonding & Ins. Co.*, 108 S. C. 163, 93 S. E. 713 (1917).

Affirmed.